1  ROBERT E. SCHROTH, SR, (SBN 103063)
2044 First Avenue, Suite 200
2  San Diego, California 92101
Telephone: (619) 233-7521
3  Facsimile: (619) 233-4516

4  Attorney for Defendant: JOSE PEREZ-AVILA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Thomas J. Whelan)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No.:   08cr1798 |
| | ) Magistrate Case No.:   08mj1564 |
| Plaintiff, | ) |
| | ) **NOTICE OF MOTION AND MOTION** |
| vs. | ) **FOR** |
| | ) **1) DISCOVERY/PRESERVE EVIDENCE;** |
| JOSE PEREZ-AVILA, | ) **2) LEAVE TO FILE MOTIONS** |
| | ) |
| Defendant. | ) Date:   July 21, 2008 |
| | ) Time:   2:00 p.m. |
| | ) Judge:  Hon. Thomas J. Whelan |
| _____ | ) |

**TO UNITED STATES ATTORNEY KAREN P. HEWITT, ASSISTANT UNITED STATES ATTORNEY CAROLINE HAN:**

NOTICE IS HEREBY GIVEN that on July 21, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Judge Hon. Thomas J. Whelan of this court, located at 940 Front Street, San Diego, California, 92101, Defendant, Jose Perez-Avila, by and through his attorney of record, Robert E. Schroth Sr., will move the court for an Order granting the following motions: 1) to compel and preserve discovery; and 2) to Leave to file additional motions.

**MOTION**

The defendant Jose Perez-Avila, by and through his counsel, Robert E. Schroth, Sr., pursuant to United States Constitution, Fed. R. Crim. Proc., Rules 8 and 14, and applicable case law and local rules, moves this Court for an Order: 1) to compel and preserve discovery; and 2) Leave to file additional motions.

These motions are based upon the instant Motions and Notice of Motions, the attached Statements of Facts and Memorandum of Points and Authorities, the files and records in the above-captioned matter, and any and all other materials which may be brought to this Court*s attention prior to or during the hearing on these motions.

Respectfully Submitted this 17th day of July, 2008

                              **SCHROTH & SCHROTH**

                              By:    /s/ Robert Schroth Sr.
                                   ROBERT E. SCHROTH, Sr.
                                   Attorney for Defendant

NOTICE OF MOTION AND MOTION FOR DISCOVERY

U. S.  v. PEREZ-AVILA.

- 3 -

SCHROTH & SCHROTH
ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2044 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

Attorney for Defendant: JOSE PEREZ-AVILA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Thomas J. Whelan)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JOSE PEREZ-AVILA,<br><br>　　　　　Defendant. | Criminal Case No.:　　08 CR 1798<br>Magistrate Case No.:　08 MG 1564<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

## I.

## STATEMENT OF FACTS[1]

On May 18, 2008, at approximately 7:40 a.m., the defendant attempted to enter the United States from Mexico at the San Ysidro Port of Entry (POE) as the driver and sole occupant of a blue 1991 Oldsmobile Cutlass Sierra bearing Baja California, MX license plate BES9574. While conducting Anti-Terrorism Contraband Enforcement Team (A-T-CET) pre-primary operations, a U.S. Customs and Border Protection Officer made contact with the defendant. The defendant allegedly presented the CBP Officer with a Mexican passport and a

---

[1] This statement of facts is taken from the criminal complaint, indictment and discovery provided by the government. Mr. Perez does not adopt these facts and reserves the right to challenge these facts at any future proceeding.

- 1 -

U.S. Visa bearing the name Adrian De Paz Saucedo and the defendant's photo on the passport. The CBP Officer asked the defendant, later identified as Jose PEREZ-Avila, where he was going. PEREZ allegedly told him that he was going to San Diego, CA. The CBD Officer asked PEREZ if he was bringing anything with him from Mexico. PEREZ allegedly gave two negative Customs declarations, stating that he was not bringing anything with him. The CBD Officer inquired as to who was the registered owner of the vehicle. PEREZ allegedly states that he was the owner and that he owned the vehicle for approximately one (1) year. The CBD Officer conducted a cursory inspection on the vehicle. During the inspection, he allegedly observed what appeared to be cellophane wrapped packages in the front grill/bumper area. The CBP Officer then handcuffed PEREZ for officer safety reasons. PEREZ was escorted to the security office for a pat-down that yielded negative results for weapons or contraband. The vehicle was taken to the secondary lot for further inspection.

In the vehicle secondary lot, a CBD Canine Enforcement Officer (CEO) was requested to screen the Oldsmobile Cutlass with his Narcotic Detector Dog (NDD). The NDD allegedly alerted to a narcotic odor coming from the rear bumper.

On May 18, 2008, Jose PEREZ-Avila allegedly admitted post-miranda that he believed he was smuggling drugs into the United States. PEREZ allegedly admitted that he had been denied entry into the United States on several occasions using counterfeit documents. PEREZ allegedly stated that he gave his photo and documents to an individual who gave him proved him with the altered Mexican passport and altered Department off State issued U.S. Visa. PEREZ allegedly stated that in exchange for the altered documents, he was going to drive a narcotic laden vehicle into the United States. PEREZ allegedly stated that he intended to deliver the vehicle to the Plaza Las Americas Mall in San Ysidro, CA. PEREZ allegedly admitted to

using the false visa, to apply for entry into the United States on May 18, 2008, at the San Ysidro POE, when he identified himself to the CBD Officer using the visa. PEREZ allegedly acknowledged that he was knowingly and willfully attempting to make an unlawful entry after being previously being expeditely removed by U.S. Customs and Border Protection Officers several times and not allowed entry into the United States for twenty (20) years.

PEREZ was arrested and charged with violation of Title 21 USC 952,960, Unlawful Importation of a Controlled Substance, and with violation of Title 18 USC 1546(a), Fraud and Misuse of a Visa, and was booked into the Metropolitan Correctional Center, San Diego, CA.

## II.

### THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE AND PRODUCTION OF DISCOVERY

Mr. PEREZ moves this court for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

1. **Mr. PEREZ'S Statements.** The government must disclose:
   (a) copies of any written or recorded statements made by Mr. PEREZ;
   (b) copies of any written record containing the substance of any statements made by Mr. PEREZ; and:
   (c) the substance of any statements made by Mr. PEREZ which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

2. **Arrest Reports, Notes and Dispatch Tapes.** The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to,

1  any rough notes, records, reports, transcripts or other documents in which statements of the
2  defendant or any other discoverable material is contained.  This is all discoverable under Fed. R.
3  Crim. P.16(a)(1)(A); 16(a)(1)(B) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  <u>See also</u> <u>Loux v.</u>
4  <u>United States</u>, 389 F.2d 911 (9th Cir.1968).  Arrest reports, investigator's notes, memos from
5  arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the
6  defendant are available under Fed. R. Crim.P.16(a)(1)(E) and Fed. R. Crim. P. 26.2.
7  Preservation of rough notes is requested, whether or not the government deems them
8  discoverable.

9         3.   **<u>Any Information That May Result in a Lower Sentence Under The</u>**
10 **<u>Guidelines</u>.**  As discussed above, this information is discoverable under <u>Brady v. Maryland</u>,
11 373 U.S.83 (1963).  This request includes any cooperation or attempted cooperation by the
12 defendant, as well as any information that could affect any base offense level or specific
13 offense. characteristic under Chapter Two of the Guidelines.  Also included in this request is
14 any information relevant to a Chapter Three adjustment, a determination of the defendant's
15 criminal history, or any other application of the Guidelines.

16
17     4.   **<u>Mr. PEREZ's Prior Record.</u>** Mr. PEREZ requests disclosure of his prior record.
18 See Fed. R. Crim. P. 16(a)(1)(B).

19     5.  **<u>Any Proposed 404(b) and (609) Evidence.</u>** The government must produce evidence
20 of prior similar acts under Fed. R. Crim. Proc., 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In
21 addition, "upon request of the accused, the prosecution shall provide reasonable notice in
22 advance of trial of the general nature" of any evidence the government proposes to introduce
23
24 under Fed. R. Evid. 404(b) at trial. This applies not only to evidence which the government may
25 use as rebuttal. <u>United States v. Vega</u>, 1888 F. 3d 1150 (9th Cir. 1999). The defendant is entitled
26 to "reasonable notice" so as to "reduce surprise." Preclude "trial by ambush" and prevent the
27 "possibility of prejudice," Id., and he requests such notice at least two weeks before trial in
28 order to give the defense time to adequately investigate and prepare for trial.

6. **Evidence Seized.** The defendant requests production of evidence seized as a result of any search. Fed. R. Crim. Proc. 16(a)(1)(C).

7. **Documents and Tangible Objects.** Mr. PEREZ requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P. 16(a)(1)(C). Specifically, Mr. PEREZ requests that the government provide him with a copy of his statements made to any and all government agents, state or federal, which occurred prior to his arrest. This includes all reports prepared by any peace officer.

8. **Reports of Scientific Tests or Examinations**. Mr. PEREZ requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(D). Mr. PEREZ notes that no fingerprint analyses have been produced. If such analyses exist, Mr. PEREZ requests a copy.

9. **Expert Witnesses.** Mr. PEREZ requests the name and qualifications of any person that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(E). In addition, Mr. PEREZ requests written summaries describing the bases and reasons for the expert's opinions. See id. This request specifically applies to any fingerprint and handwriting experts that the government intends to call.

10. **Brady Material.** Mr. PEREZ requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland, 373 U.S. 83 (1963), Williams v. Taylor, 120 S.Ct. 1479 (2000), Strickler v. Greene, 527 U.S. 263 (1999). Mr. PEREZ maintains that his police file constitutes Brady material and therefore it must be produced.

In addition, impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. PEREZ requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976); Kyles v. Whitley, 514 U.S. 419 (1995). In addition, Mr. PEREZ requests any evidence tending to show that a prospective government witness: (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

11. **Request for Preservation of Evidence.** Mr. PEREZ specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

12. **Witness Addresses.** Mr. PEREZ requests the name and last known address of each prospective government witness. He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

13. **Jencks Act Material.** Mr. PEREZ requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury. See 18 U.S.C. § 3500(e)(3).

14. **Residual Request.** Mr. PEREZ intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. PEREZ requests that the government provide him and his attorney with the above-requested material sufficiently in advance of trial.

15. **Evidence of Criminal Investigation of Any Government Witness.** The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

16. **Evidence of Bias or Motive to Lie.** The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

17. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity.** The defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d213, 224 (4th Cir. 1980).

18. **Name of Witnesses Favorable to the Defendant**. The defendant requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify her or was unsure of her identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213,223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164,1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied,444 U.S. 1086 (1980).

19. **Statements Relevant to the Defense.** The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that she might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This includes Grand Jury transcripts which are relevant to the defense motion to dismiss the indictment.

20. **Giglio Information**. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

21. **Agreements between the Government and Witnesses**. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22. **Informants and Cooperating Witnesses**. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against the defendant. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Rovariaro v. United States, 353 U.S.

52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

23. **Bias by Informants or Cooperating Witnesses**. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

24. **Personnel Records of Government Officers Involved in the Arrest**. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

25. **Training of Relevant Law Enforcement Officers**. Defendant requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case ( United States Customs Service, Border Patrol, INS, Homeland Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of the persons with in those vehicles; (c) the detention of individuals within those vehicles, including the proper means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Defendant also requests all written or otherwise attainable information regarding the training of Customs agents at ports of entry in California to detect or discover narcotics and/or people in vehicles entering the United States, including any training

offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

26. **Performance Goals and Policy Awards**. Defendant requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of contraband. This request specifically includes information concerning performance goals, policy awards, and the standards used by Customs for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal narcotics and/or people in general.

27. **Opportunity to Weigh, View and Photograph the Evidence Seized**. Defendant hereby requests an opportunity to view, photograph, and weigh any evidence allegedly confiscated in this case.

### III.

### MOTION FOR SUPPRESSION OF STATEMENTS

**A. MR. PEREZ IS ENTITLED TO AN EVIDENTIARY HEARING TO DETERMINE WHETHER HIS STATEMENTS, IF ANY, WERE VOLUNTARILY MADE AND ELICITED IN COMPLIANCE WITH MIRANDA.**

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id.* S*ee also Orozco v. Texas*, 394 U.S. 324, 327 (1969).

When interrogation takes place without the presence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived her privilege against self-incrimination and her right to retained or appointed counsel. *Miranda,* 384 U.S. at 475.  A waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently and voluntarily in order to be effective. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973).  The standard of proof for a waiver of this constitutional right is high.  *Miranda*, 384 U.S. at 475.  *See United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great; the court must indulge every reasonable presumption against waiver of fundamental constitutional rights.)

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background experience, and conduct of the accused. *Edwards v. Arizona*, 451 U.S. 477, 472 (1981).

The government in the present case has the burden of proving that Mr. PEREZ was read his *Miranda* rights and intelligently and voluntarily waived those rights in all situations where Mr. PEREZ reasonably believed that he was not free to leave. *See United States v. Estrada-Lucas*, 651 F.2d 1261, 1265 (9th Cir. 1980).

Even when the procedural safeguards of *Miranda* have been satisfied, a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession. *Jackson v. Denno*, 378 U.S. 368, 387 (1964).  The government bears the burden of proving that a confession is voluntary by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 483 (1972); *see also* 18 U.S.C. § 3501(a).

A statement must be the product of a rational intellect and free will to be voluntary. *Blackburn v. Alabama*, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne, the totality of the circumstances must be considered. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). A confession is deemed involuntary whether coerced by physical intimidation or psychological pressure. *Townsend v. Sain*, 372 U.S. 293, 307 (1962). It must not be extracted by any sort of threats of violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influences. *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981). A hearing is therefore required to determine whether the statements made by Mr. PEREZ were voluntary.[2]

### III.

### MOTION TO FILE ADDITIONAL MOTIONS

At this time the defense is trying to make contact with exculpatory witnesses whose whereabouts are unknown. It is conceivable the defendant will file additional motions relating to prosecutorial delay resulting in unfair prejudice to the defendant; as well as other applicable motions, including suppression motions. Lastly, given limited discovery has been produced, additional motions maybe necessary once counsel has had the opportunity to review same.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. PEREZ, respectfully requests that the Court grant the motions made by the Defendant.

---

[2] It is unclear from the discovery if the defendant made any statements. Therefore, the motion is being filed as a prophylactic measure.

1 | Respectfully Submitted this 17th day of July 2008.    **SCHROTH & SCHROTH**

By:    /s/ Robert Schroth Sr.
ROBERT E. SCHROTH, SR,
Attorney for Defendant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
          Re:    USA v. Perez-Avila
Criminal Case No:    08cr 1798

3
### PROOF OF SERVICE BY MAIL

4
### STATE OF CALIFORNIA COUNTY OF SAN DIEGO

5
    I am employed in San Diego, California; I am over the age of eighteen years and am not a party to this action; my business address is 2044 First Avenue, Suite 200, San Diego, CA 92101.

6
    On July 17, 2008, I served the following document(s) described as:

7
**NOTICE OF MOTION AND MOTION FOR 1) DISCOVERY 2) PRESERVE EVIDENCE 3) LEAVE, MEMORANDUM OF POINTS AND AUTHORITIES**

8
On the interested parties to this action by efile service:

9

10
Karen P. Hewitt
United States Attorney,
Caroline Han

11
Assistant United States Attorney
Federal Office Building

12
880 Front Street, Room 6293
San Diego, California 92101

13

14
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal service on that

15
same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if

16
postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17

18
    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19

20
  /s/ Robert E. Schroth Sr._____
        Robert E. Schroth Sr.

21
22
23
24
25
26